

06-MC-05013-M

David Harris
11016 37th Ave Ct E
Tacoma, WA 98446
(253) 588-4376

Appearing without counsel,
by special Visitation

FILED _____ LODGED
_____ RECEIVED

JUN 0 2 2006

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION )<br><br>Plaintiff, )<br><br>vs. )<br>)<br>RESOURCE DEVELOPMENT INTERNATIONAL, LLC, )<br>DAVID EDWARDS, JAMES EDWARDS, JADE )<br>ASSET MANAGEMENT, LTD., SOUND FINANCIAL )<br>SERVICES, INC., INTERCOASTAL GROUP, LLC )<br>INTERCOASTAL GROUP II, LLC, KEVIN LYNDS, )<br>GERALD J. STOCK, BLACKWOLF HOLDINGS, LLC, )<br>And WILLIAM WHELAN, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>PACIFIC INTERNATIONAL LIMITED )<br>PARTNERSHIP, INTERNATIONAL EDUCATION )<br>RESEARCH CORPORATION, GALAXY ASSET )<br>MANAGEMENT, INC., DAVID CLUFF, Individually )<br>and d/b/a RIVERA TRUST 410 )<br>)<br>Defendants Solely for Purposes )<br>of Equitable Relief. )<br>) | MS 06-5013<br><br>Case No. 3:02CV0605-R<br>USDC/NDTX (Dallas<br>Division)<br><br>PETITION TO QUASH<br>SUBPOENA<br><br>VERIFIED |

COMES NOW I, David Harris ("Petitioner"), appearing de bene esse, without and lacking counsel, for myself, petitioning this Court to **quash Subpoena for want/lack of jurisdiction**, and burden and expense to Petitioner; the subpoena dated April 11, 2006, issued

under the authority of this Court, with effective service being made on or about April 25, 2006 for deposition on June 21, 2006 at 1:00 PM at Moburg & Associates, 1601 Fifth Ave., Suite 860, Seattle, Washington 98101, said subpoena issued by Kelly M. Crawford, SCHEEF & STONE, Dallas, Texas Attorney for the Receiver in the above captioned action (hereinafter Respondent).

FOR CLARIFICATION, documents attached and herein refer to Civil Action No. 3:02CV0605-R (USDC/NDTX DALLAS), which relate to Civil Case Action No 2:02-mc-00039, which Receiver filed March 27, 2002, with the Western District of Washington.

I

## JURISDICTION

1. This Court has jurisdiction pursuant to the provisions of the Federal Rules of Civil Procedure (FRCP) Rule 45 (c)(3)(A)(i) and (B)(iii) and 45(c)(1); venue is proper in that process issued from this Court. See Subpoena in a Civil Case, 3:02CV0605-R, issued by the United States District Court, Western District of Washington, as EXHIBIT A.

"On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena" Rule 45 (c)(3)(A)

"Subpoenas are the process of the issuing court; no other court can enforce or quash them." *In re Sealed Case* 141 F3d 337, 343 (DC Cir. 1998).

II

## PETITIONER

2. Petitioner, David Harris, is a natural born, flesh and blood human being, citizen of Washington, one of the 50 union states in America, and non-party to the above captioned action.

"Non-party and defendant in securities action had standing to object to subpoena duces tecum of telephone company records based on claim that records were privileged, despite contention that only the served party could object." *Broadcourt Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626 (D.Colo.1993).

"An appearance de bene esse is designed to permit a party to a proceeding to refuse to submit his person to the jurisdiction of the court unless it is finally determined that he has forever waived that right." *Farmers Trust Co. v. Alexander*, 6 A.2d 262, at 265.

## III

## PARTIES

3. Respondent, Kelly M. Crawford of SCHEEF & STONE, LLP Attorney for the Receiver in the above captioned case, with an office located at 5956 Cherry Lane, Suite 1400, Dallas, Texas 75225.

## IV

## CAUSE OF ACTION

4. On or about April 25, 2006, Kelly M. Crawford, of the law firm SCHEEF & STONE with an office address at 5956 Cherry Lane, Suite 1400, Dallas, Texas allegedly authorized to practice before this Court, and Attorney for the Receiver, caused to be served upon Petitioner, David Harris, citizen of Pierce County, Washington, located within the Western District of Washington, what purported to be a Subpoena issuing from this Court, for a deposition on June 21, 2006 at 1:00 PM in Seattle, Washington. Said Subpoena identifies a case out of the Northern District of Texas, Dallas Division of which Petitioner is not a party. Subpoena refers to a footnote 1, beside the Case Number. Footnote 1 states "If action is *pending* in district other than district of issuance, state district under case number." (emphasis added). *Pending* means - *awaiting decision or settlement; remaining undecided*. This case has had final judgment against all defendants on November 10, 2004, and has been appealed by some of the defendants in Case No. 05-10070 (5th Circuit) with a decision being reached on December 21, 2005. A copy of Subpoena is attached hereto and incorporated herein, and identified as EXHIBIT A.

5. Petitioner has been able to verify Case No. 3:02CV0605-R out of the Northern District of Texas, Dallas Division has had final judgments issued on all defendants and relief defendants since approximately November 10, 2004 which has been appealed and a decision being reached on December 21, 2005, therefore any discovery period on said case would have long passed. A copy of said Final Judgment is attached hereto and incorporated herein, and identified as EXHIBIT B.

## V

## CAUSES TO QUASH SUBPOENA

6. Petitioner, David Harris, is not party to the action listed. Neither are his Family members, Diana Harris and Harold Harris, who were also, served a subpoena and all others yet to be served. We are not parties to the action listed on subpoena and are not parties to a Default Judgment on Case No. 3:02CV1371-R (USDC Northern Texas) of which the Receiver is attempting to collect against third parties on a judgment against family member Edward Harris, which is the cause of this subpoena for a deposition. See letters to family members, attached as EXHIBIT C.

7. USDC Northern Texas Case No. 3:02CV0605-R has had final judgments issued on each and every defendant and relief defendant, and was terminated by Final Judgment on November 10, 2004 in the United States District Court, Northern District of Texas, Dallas Division, and has been appealed by some of the defendants in Case No. 05-10070 (5th Circuit) with a decision being reached on December 21, 2005, therefore is not a case open for discovery and deposition, in particular of non-parties. Attached as EXHIBIT B.

8. USDC Northern Texas Case No. 3:02CV1371-R has had final default judgment issued on Edward Harris, and was terminated by Final Default Judgment on May 26, 2004 in the United

States District Court, Northern District of Texas, Dallas Division, therefore is not a case open for discovery and deposition, in particular of non-parties. Attached as EXHIBIT D.

9. Receiver, Lawrence Warfield, pursuant to 28 U.S.C. 754 had filed the required complaint and appointment order in the Western District of Washington on March 27, 2002 but not before entering the office of the defendant Resource Development International (RDI) on March 25, 2002, therefore has no jurisdiction over property, real or personal, in that district. In the case *SEC v. Bilzerian* 378 F3d 1100, 1103, (DC 2004) the Court ruled – "To invoke § 1692 a receiver **first** must comply with 28 U.S.C. § 754... § 754 is a 'stepping stone' on [the court's] way to exercising in personam jurisdiction over one who holds receivership assets in a remote district." (Bold emphasis added.)

> 28 U.S.C. 754 – "Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district."

The Receiver having no jurisdiction or control over any property alleged as receivership assets absent compliance with 28 U.S.C. 754 prior to entering the office of RDI, has no authority to subpoena Petitioner for deposition on a case, from another district, where final judgments have issued or on a case, from another district, for which he has obtained a final judgment.

10. Petitioner has never received personal service pursuant to Federal Rules of Civil Procedure, Rule 4, of any summons or complaint issuing out the United States District Court Northern Texas, Dallas Division and specifically on Case No. 3:02CV0605-R or Case No. 3:02CV1371-R.

11. Plaintiff and Receiver, who served the subpoena, are seeking discovery which time period has long expired, therefore, discovery is moot, unnecessary and burdensome since final judgment has been filed.

12. Under Federal Rules of Civil Procedure, Rule 45, this Court shall quash or modify the subpoena if it:

"subjects a person to undue burden" Rule 45 (c)(3)(A)(iv).

13. The request for production of documents is unduly burdensome and expensive, including ambiguous and excessive, because the scope of discovery is from the year 1999 to present, which is seven (7) years and includes documents that have no bearing on this case; There is no valid reason for demanding to see my income tax return for 2004 and 2005, and is a violation of my right to privacy. These requests are beyond the scope and realm of the date of this case. A copy of the Receiver's Notice for the Taking of a Deposition of David Harris is hereto and incorporated herein, and identified as EXHIBIT E.

WHEREAS, the Petitioner is not party to Case No. 3:02CV0605-R, Case No. 3:02CV0605-R is final with appeal taken and decision issued, the Receiver in Case No. 3:02CV0605-R had not filed the complaint and his appointment order in the Western District of Washington prior to entering the office of RDI on March 25, 2002 pursuant to 28 U.S.C. 754, in a timely manner the subpoena issuing from the UNITED STATES DISTRICT COURT, FOR THE WESTERN DISTRICT OF WASHINGTON must be quashed and Petitioner is entitled to the remedy and relief requested herein.

"Paragraph (c)(1) gives specific application to the principle stated in Rule 26(g) and specifies liability for earnings lost by a non-party witness as a result of a misuse of the subpoena. No change in existing law is thereby effected. Abuse of a subpoena is an actionable tort, > *Board of Ed. v. Farmingdale Classroom Teach. Ass'n*, 38 N.Y.2d 397, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975), and the duty of the attorney to the non-party is also embodied in Model Rule of Professional

Conduct 4.4. The liability of the attorney is correlative to the expanded power of the attorney to issue subpoenas. The liability may include the cost of fees to collect attorney's fees owed as a result of a breach of this duty." FRCP Rule 45 Notes to Paragraph (c)(1).

THEREFORE and otherwise, Petitioner prays that this Court quash said subpoena, including the subpoena's served upon his family members, for want/lack of jurisdiction over Petitioner and Petitioner's property, papers and documents and award Petitioner reasonable costs and attorney's fees if necessary for undue imposed burden and expense, and any further remedy and relief the Court deems just, for these case numbers 3:02CV0605-R and 3:02CV1371-R have had final judgments issued on all defendants and some defendants have taken to appeal and decision has been issued.

Respectfully submitted this 2nd day of June 2006.

David Harris

David Harris, Petitioner, Appearing *de bene esse*, without counsel

## VERIFICATION

I, David Harris, pursuant to 28 U.S.C. § 1746(1), declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated: June 2, 2006

David Harris

David Harris

# AFFIDAVIT IN SUPPORT OF PETITION TO QUASH SUBPOENA
## of
## David Harris

I, David Harris, Affiant herein, hereby depose and state the facts herein and attest that this Affidavit is true, correct and complete, to wit:

1. That, I have personal knowledge of each of the facts stated herein; and

2. That, I am of lawful age and am competent to make this Affidavit; and

3. That, I am not a ward of, or under the guardianship of or conservatorship of another person or entity; and

4. That, this Affidavit is made as a matter of public record, in my own sovereign right, in *sui juris* capacity; and

5. That, I am a flesh-and-blood, natural born man, one of the People and a member of the sovereign class, "We the People"; and

6. That, it is my information and belief that this first-class status enjoys the God-given, "unalienable rights" declared by the Declaration of Independence and guaranteed by the Constitution of the United States of America; and

7. That, I am an inhabitant of the county of Pierce, state of Washington, where I have occupied such status for the past twenty-six (26) years; and

8. That, I am not a party to Case No. 3:02CV0605-R out of the USDC, Northern Texas, Dallas Division; and

9. That, I have never received a summons and/or complaint on Case No. 3:02CV0605-R out of the USDC, Northern Texas, Dallas Division via any other process or service; and

10. That, I am not a party to Case No. 3:02CV1371-R out of the USDC, Northern Texas, Dallas Division; and

11.    That, I have never received a summons and/or complaint on Case No. 3:02CV1371-R out

of the USDC, Northern Texas, Dallas Division via any other process or service; and

Further Affiant sayeth naught.

Dated: June 2, 2006

David Harris

## ACKNOWLEDGMENT

I, David Harris, pursuant to 28 U.S.C. § 1746(1), declare under the pain and penalty of

perjury, under the laws of the United States of America, that to the best of my knowledge,

information and belief, the foregoing is true and correct.

Dated the Second day of June 2006.

David Harris, Affiant

## CERTIFICATE OF SERVICE

I, Edward Harris, do hereby declare under penalty of perjury, that I am a citizen of the United States, over the age of 18, and that I filed with the court listed below PETITION TO QUASH SUBPOENA, and placed with U.S. Postal Service, addressed as listed to Respondent, Kelly M. Crawford, in an envelope with postage prepaid at Tacoma, Washington, this the 2nd day of June, 2006, addressed as follows:

Clerk of the Court
USDC Western Washington
1717 Pacific Ave
Tacoma, Washington 98402

Kelly M. Crawford
Attorney for Receiver, Lawrence Warfield
5956 Sherry Lane, Ste. 1400
Dallas, Texas 75225

Executed on this the 2nd day of June 2006, at Tacoma, Washington

Edward Harris

# EXHIBIT A

· Issued by the

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

Securities and Exchange Commission      SUBPOENA IN A CIVIL CASE
V.
Resource Development International, et al.

Case Number:[1]    3:02-CV-0605-R
             USDC/NDTX (DALLAS)

TO:    David Harris
       11016 37th Ave. Court East
       Tacoma, Washington 98446

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Moburg & Associates, 1601 Fifth Ave., Suite 860, Seattle, Washington 98101 | DATE AND TIME<br><br>June 21, 2006 at 1:00 PM |
|---|---|

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Receiver's Notice for the Taking of a Deposition of David Harris and Duces Tecum.**

| PLACE<br>Moburg & Associates, 1601 Fifth Ave., Suite 860, Seattle, Washington 98101 | DATE AND TIME<br><br>June 21, 2006 at 1:00 PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*      attorney for Lawrence Warfield, Receiver | April 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kelly M. Crawford, Esq.
Scheef & Stone, LLP, 5956 Sherry Lane, Suite 1400, Dallas, Texas 75225
Telephone: 214/706-4200

*(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)*

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)    fails to allow reasonable time for compliance.
        (ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)   subjects a person to undue burden.

    (B) If a subpoena

        (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)   requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
        (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT B**

# ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| RESOURCE DEVELOPMENT INTERNATIONAL, | : |
| LLC, DAVID EDWARDS, JAMES EDWARDS, JADE | : |
| ASSET MANAGEMENT, LTD, SOUND FINANCIAL | : |
| SERVICES, INC, INTERCOASTAL GROUP, LLC, | : |
| INTERCOASTAL GROUP II, LLC, KEVIN LYNDS, | : |
| GERALD J STOCK, BLACKWOLF HOLDINGS, | : |
| LLC and WILLIAM WHELAN | : |
| | : |
| Defendants, | : |
| | : |
| and | : |
| | : |
| PACIFIC INTERNATIONAL LIMITED | : |
| PARTNERSHIP, INTERNATIONAL EDUCATION | : |
| RESEARCH CORPORATION, GALAXY ASSET | : |
| MANAGEMENT, INC and DAVID CLUFF, | : |
| Individually and d/b/a RIVERA TRUST 410 | : |
| | : |
| Defendant Solely for Purposes | : |
| of Equitable Relief. | : |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

**NOV 1 0 2004**

CLERK, U.S. DISTRICT COURT
By _____
Deputy

Civil Action No.
3:02-CV-0605-R

---

**FINAL JUDGMENT GRANTING PERMANENT INJUNCTION**
**AND OTHER RELIEF AS TO DEFENDANTS RESOURCE DEVELOPMENT**
**INTERNATIONAL, LLC, DAVID EDWARDS, JAMES EDWARDS, JADE ASSET**
**MANAGEMENTSOUND FINANCIAL SERVICES, INC., KEVIN LYNDS, GERALD**
**STOCK, INTERCOASTAL GROUP, LLC, INTERCOASTAL GROUP II, LLC,AND**
**BLACKWOLF HOLDINGS, LLC AND RELIEF DEFENDANTS PACIFIC**
**INTERNATIONAL LIMITED PARTNERSHIP, INTERNATIONAL EDUCATION**
**RESEARCH CORPORATION, AND GALAXY ASSET MANAGEMENT, INC.**

This matter came before this Court on application of Plaintiff Securities and Exchange

Commission, seeking entry of final judgment setting disgorgement amounts and awarding

civil penalties as to Defendants Resource Development International, LLC ("RDI"), David Edwards ("Edwards"), James Edwards ("J. Edwards"), Jade Asset Management, Ltd. ("Jade"), Sound Financial Services, Inc. ("SFSI"), Kevin Lynds ("Lynds"), Gerald Stock ("Stock"), Intercoastal Group, LLC ("Intercoastal I"), Intercoastal Group II, LLC ("Intercoastal II") and Blackwolf Holdings, LLC, and Relief Defendants Pacific International Limited Partnership ("PILP"), International Education Research Corporation ("IERC") and Galaxy Asset Management, Inc. ("Galaxy") for their failure to appear or otherwise defend in this cause.

This Court having considered the pleadings and declarations on file herein makes the following findings of fact and conclusions of law:

1.    The Commission's Complaint was filed on March 25, 2002. Lynds and Jade were served with the Summons and Complaint on March 26, 2002; J. Edwards, SFSI, Stock, Intercoastal I, Intercoastal II, and Blackwolf were served on March 27, 2002; D. Edwards, RDI, PILP, IERC, and Galaxy were served on March 28, 2002.

2.    RDI, D. Edwards, J. Edwards, Jade, SFSI, Lynds, Stock, Intercoastal I, Intercoastal II, Blackwolf, PILP, IERC, and Galaxy failed to answer to the Commission's Complaint, nor have they otherwise appeared before this Court to defend in this cause.

3.    RDI, D. Edwards, J. Edwards, Jade, SFSI, Lynds, Stock, Intercoastal I, Intercoastal II, Blackwolf, PILP, IERC, and Galaxy are not infants, or incompetent. RDI, D. Edwards, J. Edwards, Jade, SFSI, Lynds, Stock, Intercoastal I, Intercoastal II, Blackwolf, PILP, IERC, and Galaxy are not eligible for relief under the Soldiers' and Sailors' Civil Relief Act of 1940 [50 U.S.C. Appendix, § 501 et seq.].

SEC v. RDI, INC., et al.
Final Judgment Granting Permanent Injunction and Other Relief
As to Defendants and Relief Defendants                                            2

4.      On May 7, 2002, the Court entered an Order Granting Interlocutory Judgment By Default and Granting Injunctive Relief and Other Equitable Relief as to Defendants and Relief Defendants.

5.      The allegations in the Commission's Complaint as to RDI, D. Edwards, J. Edwards, Jade, SFSI, Lynds, Stock, Intercoastal I, Intercoastal II, Blackwolf, PILP, IERC, and Galaxy are, as to them, deemed admitted.

6.      The Commission is entitled to a final judgment permanently enjoining RDI, D. Edwards, J. Edwards, Jade, SFSI, Lynds, Stock, Intercoastal I, Intercoastal II, and Blackwolf from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§77e(a), 77e(c) and (a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5, 17 C.F.R. §240.10b-5; and D. Edwards, J. Edwards, Lynds and Stock for additional violations of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a)(1), as alleged in the Complaint.

7.      The Commission is entitled to a final judgment requiring Defendants and Relief Defendants to disgorge the following amounts, equal to the funds and benefits they obtained illegally as a result of the violations alleged herein, plus prejudgment interest on that amount:

a.      Defendants RDI, D. Edwards, J. Edwards, Jade and SFSI: disgorgement in the amount of $37,011,399, plus prejudgment interest of $11,205,739.

b.      Defendants Lynds, Stock, Intercoastal I, Intercoastal II, and Blackwolf: disgorgement in the amount of $5,179,949, plus prejudgment interest of $680,875.

c.      Relief Defendant PILP: disgorgement in the amount of $2,782,969, plus prejudgment interest of $365,806.

*SEC v. RDI, INC., et al.*
*Final Judgment Granting Permanent Injunction and Other Relief*
*As to Defendants and Relief Defendants*                                                      3

d.      Relief Defendant IERC: disgorgement in the amount of $3,234,962, plus prejudgment interest of $425,038.

e.      Relief Defendant Galaxy: disgorgement in the amount of $350,000, plus prejudgment interest of $45,986.

8.      The Commission is entitled to a final judgment imposing third-tier civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. 77t(d)], and Section 21(d) of the Exchange Act [15 U.S.C. 78u(d)] in the following amounts:

a.      $120,000 each against D. Edwards, J. Edwards, Lynds and Stock.

b.      $600,000 each against RDI, Jade, SFSI, Intercoastal I, Intercoastal II, and Blackwolf.

On the basis of the foregoing findings of fact and conclusions of law,

**IT IS THEREFORE ORDERED:**

I.

A.      Defendants RDI, D. Edwards, J. Edwards, Jade, SFSI, Lynds, Stock, Intercoasal I, Intercoastal II, and Blackwolf, their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this final judgment by personal service or otherwise, and each of them, are restrained and enjoined from:

B.      Violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §77q(a), by directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme or artifice to defraud; or (2)

*SEC v. RDI, INC., et al.*
*Final Judgment Granting Permanent Injunction and Other Relief*
*As to Defendants and Relief Defendants*                  4

obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

C.    Violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), by directly or indirectly, in the use of any means or instruments of interstate commerce, of the mails or of any facility of any national securities exchange, using or employing in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered any manipulative or deceptive device or contrivance in contravention or a rule or regulation prescribed by the Securities and Exchange Commission.

D.    Violating Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. §240.10b-5, by directly or indirectly, in the use of any means or instruments of interstate commerce, of the mails or of any facility of any national securities exchange: (1) employing any device, scheme or artifice to defraud; (2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which were made, not misleading; or (3) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

E.    Violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §77e(a) and (c), by directly or indirectly, (a) making use of any means or instruments of transportation or

SEC v. RDI, INC., et al.
Final Judgment Granting Permanent Injunction and Other Relief
As to Defendants and Relief Defendants                                                    5

communication in interstate commerce or of the mails to sell a security through the use or

medium of any prospectus or otherwise; or (b) carrying or causing to be carried through the

mails or in interstate commerce, by any means or instruments of transportation, a security

for the purpose of sale or for delivery after a sale, unless a registration statement is in

effect as to that security; or (3) making use of any means or instruments of transportation

or communication in interstate commerce or of the mails to offer to sell or offer to buy

through the use or medium of any prospectus or otherwise any security unless a

registration statement has been filed with the Securities and Exchange Commission as to

that security or while the registration statement is the subject of a refusal order or a stop

order or (prior to the effective date of the registration statement) any public proceeding or

examination under Section 8 of the Securities Act, 15 U.S.C. §77h.

## II.

D. Edwards, J. Edwards, Lynds and Stock, and their respective agents, servants,

employees, and all persons in active concert or participation with them who receive actual

notice of this final judgment by personal service or otherwise, and each of them, are hereby

permanently restrained and enjoined from violating Section 15(a) of the Exchange Act,

15 U.S.C. § 78o(a)(1), by, directly or indirectly, engaging in the business of effecting

transactions in securities, in the form of investment contracts, or any other security, for their

own account or for the account of others, while making use of the mails or any means or

instrumentality of interstate commerce to effect transactions in, or to induce or attempt to

induce the purchase or sale of securities (other than an exempted security, commercial

paper, bankers' acceptances or commercial bills), unless registered as a broker or dealer in

*SEC v. RDI, INC., et al.*
*Final Judgment Granting Permanent Injunction and Other Relief*
*As to Defendants and Relief Defendants*                                        6

accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)], or is otherwise exempt from registration, pursuant to Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

## III.

Defendants and Relief Defendants shall disgorge the follow sums, equal to the funds and benefits they obtained illegally as a result of the violations alleged herein, plus prejudgment interest on that amount:

a.    Defendants RDI, D. Edwards, J. Edwards, Jade and SFSI, jointly and severally, disgorgement in the amount of $37,011,399, plus prejudgment interest of $11,205,739.

b.    Defendants Lynds, Stock, Intercoastal I, Intercoastal II, and Blackwolf, jointly and severally, disgorgement in the amount of $5,179,949, plus prejudgment interest of $680,875.

c.    Relief Defendant PILP:  disgorgement in the amount of $2,782,969, plus prejudgment interest of $365,806.

d.    Relief Defendant IERC:  disgorgement in the amount of $3,234,962, plus prejudgment interest of $425,038.

e.    Relief Defendant Galaxy:  disgorgement in the amount of $350,000, plus prejudgment interest of $45,986.

## IV.

Defendants shall pay third-tier civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. 77t(d)], and Section 21(d) of the Exchange Act [15 U.S.C. 78u(d)], as follows:

*SEC v. RDI, INC., et al.*
*Final Judgment Granting Permanent Injunction and Other Relief*
*As to Defendants and Relief Defendants*                                                    7

a.     D. Edwards, J. Edwards, Lynds and Stock shall each pay a civil penalty in the amount of $120,000.

b.     RDI, Jade, SFSI, Intercoastal I, Intercoastal II and Blackwolf shall each pay a civil penalty in the amount of $600,000.

## V.

Defendants and Relief Defendants shall satisfy the monetary obligations set forth in Paragraphs III. and IV. above within 30 business days after service of this final judgment by U.S. Postal money order, certified check, bank cashier's check, or bank money order to the Clerk of this Court, together with a cover letter identifying themselves as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this final judgment. Defendants and Relief Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants and Relief Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants and Relief Defendants.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference

*SEC v. RDI, INC., et al.*
*Final Judgment Granting Permanent Injunction and Other Relief*
*As to Defendants and Relief Defendants*                                                    8

of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, in any Related Investor Action, benefit from any offset or reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the civil penalty paid by Defendants ("Penalty Offset"). If the court in any Related Investor Action grants such an offset or reduction, Defendants shall, within 30 days after entry of a final order granting the offset or reduction, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

This Court shall retain jurisdiction over this action for all purposes, including for purposes of entertaining any suitable application or motion by the Commission for additional

SEC v. RDI, INC., et al.
Final Judgment Granting Permanent Injunction and Other Relief
As to Defendants and Relief Defendants                                    9

relief within the jurisdiction of this Court, including but not limited to, enforcement of the provisions of this final judgment.

## VII.

This Final Judgment may be served upon Defendants and Relief Defendants in person, by electronic mail or by certified mail, either by the United States Marshal, the Clerk of the Court, or any member of the staff of the Securities and Exchange Commission.

## VIII.

There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Final Judgment pursuant to Rules 54, 58 and 79 of the Federal Rules Civil Procedure.

SIGNED this _10_ day of November, 2004.

JERRY BUCHMEYER
UNITED STATES DISTRICT COURT JUDGE

*SEC v. RDI, INC., et al.*
*Final Judgment Granting Permanent Injunction and Other Relief*
*As to Defendants and Relief Defendants*                                    10

# EXHIBIT C



# SCHEEF & STONE, L.L.P.

*Legal counsel based on solid principles.*

February 20, 2006

**Via First Class Mail and**
**Certified Mail Return Receipt Requested**

Ms. Diana Harris
19719 81st Avenue East
Spanaway, Washington 98387-5334

> Re:     Civil Action No. 3:02-CV-0605-R; *Securities and Exchange Commission v. Resource Development International, LLC, David Edwards, James Edwards, Jade Asset Management, Ltd., Sound Financial Services, Inc., Intercoastal Group, LLC, Intercoastal Group II, LLC, Kevin Lynds, Gerald J. Stock, Blackwolf Holdings, LLC, and William Whelan, Defendants, and Pacific International Limited Partnership, International Education Research Corporation, Galaxy Asset Management, Inc., and David Cluff, Individually and d/b/a Rivera Trust 410, Relief Defendants*; United States District Court, Northern District of Texas, Dallas Division

Dear Ms. Harris:

This firm represents Lawrence J. Warfield, who was appointed by the United States District Court for the Northern District of Texas to serve as the receiver for the assets of the above-referenced Defendants and Relief Defendants. The Court found that the Defendants and Relief Defendants operated an illegal scheme, the RDI Trading Program, through which they defrauded unwitting investors of millions of dollars. As Receiver, Mr. Warfield is charged with locating and recovering the monies invested in the RDI Trading Program, which monies are termed "Receivership Assets." Please see the enclosed copy of the *Order Appointing Temporary Receiver*.

The Receiver traced Receivership Assets to Edward Harris. In an ancillary lawsuit, assigned Civil Action No. 3:02-CV-1371-R and styled *Warfield v. Byron, et al.*, the Court determined that Mr. Harris received such assets and entered judgment against him.

Through his investigation into the disposition of Receivership Assets transferred to Mr. Harris, the Receiver traced certain assets to you. Specifically, based on documents obtained by the Receiver and on Mr. Harris's testimony, the Receiver determined that Mr. Harris transferred Receivership Assets of at least $26,293.75 to you for your use or benefit, without receiving reasonably equivalent value in return. A copy of the relevant deposition testimony or documentation is enclosed.

Pursuant to paragraph 3 of the *Order Appointing Temporary Receiver*, "all persons… who receive actual notice of this Order by personal service or otherwise… shall promptly deliver to the Receiver all Receivership Assets in the possession or control of any one or more of them and shall promptly surrender all books and records of any kind pertaining or belonging to Defendants or Relief Defendants."

Accordingly, demand is hereby made on you to comply with the terms of the *Order Appointing Temporary Receiver* and turn over to the Receiver the Receivership Assets in your possession or control, including but not limited to the $26,293.75 you received from Mr. Harris. Such monies should be delivered in the form of a cashier's check made payable to "Lawrence Warfield, Receiver" to my attention at Scheef & Stone, LLP, 5956 Sherry Lane, Suite 1400, Dallas, Texas 75225. Please do so by no later than March 15, 2006. You should also produce an accounting of all monies received by you or for your benefit from Mr. Harris from January 1, 1999 to present.

Should you have any questions regarding this matter, please feel free to contact me.

Sincerely,

Stephen J. Womack

Enclosures

Cc:    Lawrence Warfield, Receiver

H:\ksopp\SEC v. RDI 1494.100\Correspondence\Harris-Diana Demand Ltr.doc

Direct Dial: 214/706-4220

steve.womack@scheefandstone.com

February 17, 2006

*Via First Class Mail and*
*Certified Mail Return Receipt Requested*

Mr. Harold E. Harris
2228 S.W. Lake Flora Road
Port Orchard, Washington 98367-9104

> Re: Civil Action No. 3:02-CV-0605-R; *Securities and Exchange Commission v. Resource Development International, LLC, David Edwards, James Edwards, Jade Asset Management, Ltd., Sound Financial Services, Inc., Intercoastal Group, LLC, Intercoastal Group II, LLC, Kevin Lynds, Gerald J. Stock, Blackwolf Holdings, LLC, and William Whelan, Defendants, and Pacific International Limited Partnership, International Education Research Corporation, Galaxy Asset Management, Inc., and David Cluff, Individually and d/b/a Rivera Trust 410, Relief Defendants*; United States District Court, Northern District of Texas, Dallas Division

Dear Mr. Harris:

This firm represents Lawrence J. Warfield, who was appointed by the United States District Court for the Northern District of Texas to serve as the receiver for the assets of the above-referenced Defendants and Relief Defendants. The Court found that the Defendants and Relief Defendants operated an illegal scheme, the RDI Trading Program, through which they defrauded unwitting investors of millions of dollars. As Receiver, Mr. Warfield is charged with locating and recovering the monies invested in the RDI Trading Program, which monies are termed "Receivership Assets." Please see the enclosed copy of the *Order Appointing Temporary Receiver*.

The Receiver traced Receivership Assets to Edward Harris. In an ancillary lawsuit, assigned Civil Action No. 3:02-CV-1371-R and styled *Warfield v. Byron, et al.*, the Court determined that Mr. Harris received such assets and entered judgment against him.

Through his investigation into the disposition of Receivership Assets transferred to Mr. Harris, the Receiver traced certain assets to you. Specifically, based on documents obtained by the Receiver and on Mr. Harris's testimony, the Receiver determined that Mr. Harris transferred Receivership Assets of at least $4,078.82 to you for your use or benefit, without receiving reasonably equivalent value in return. A copy of the relevant deposition testimony or documentation is enclosed.

Pursuant to paragraph 3 of the *Order Appointing Temporary Receiver*, "all persons… who receive actual notice of this Order by personal service or otherwise… shall promptly deliver to the Receiver all Receivership Assets in the possession or control of any one or more of them and shall promptly surrender all books and records of any kind pertaining or belonging to Defendants or Relief Defendants."

Accordingly, demand is hereby made on you to comply with the terms of the *Order Appointing Temporary Receiver* and turn over to the Receiver the Receivership Assets in your possession or control, including but not limited to the $4,078.82 you received from Mr. Harris. Such monies should be delivered in the form of a cashier's check made payable to "Lawrence Warfield, Receiver" to my attention at Scheef & Stone, LLP, 5956 Sherry Lane, Suite 1400, Dallas, Texas 75225. Please do so by no later than March 15, 2006. You should also produce an accounting of all monies received by you or for your benefit from Mr. Harris from January 1, 1999 to present.

Should you have any questions regarding this matter, please feel free to contact me.

Sincerely,

Stephen J. Womack

Enclosures

Cc:     Lawrence Warfield, Receiver

H:\ksapp\SEC v. RDI 1494.100\Correspondence\Harris-Harold Demand Ltr.doc

**EXHIBIT D**



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT
NORTHERN DIST..  .... '  ' AS
**FILE:..**

MAY 2 6 2004

**CLERK, U.S. DISTRICT COURT**
By _____
Deputy

| | | |
|---|---|---|
| LAWRENCE J. WARFIELD, as the | § | |
| RECEIVER FOR RESOURCE | § | |
| DEVELOPMENT INTERNATIONAL, | § | |
| ET. AL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:02-CV-1371-R |
| | § | |
| BOB L. BYRON, ET AL. | § | |
| | § | |
| Defendants. | | |

## FINAL DEFAULT JUDGMENT

This matter came before the Court on the 26 day of ___May___, 2004, to consider the

Receiver's Application for Default Judgment against Defendants Mary Clagg, Larry Crouse,

Jane Doe Crouse, Norman Danforth, Edward Harris, Wayne McClaws, Jane Doe McClaws, C.

Kelly Olsen, Jane Doe Olsen, and William Sievert (collectively "Defendants"). The Court,

having considered the Receiver's application and supporting papers, as well as the record in this

matter, makes the following findings of fact and conclusions of law:

### I.

1.      *After confirming that each was served with the Receiver's Original, First or*

Second Amended Complaint, and each failed to appear or answer, the Clerk entered Default as to

each Defendant. As directed in the Order Regarding Discovery Dispute No. 2, the clerk struck

Defendant Harris and Sieverts' pleadings and entered Default against each.

2.      The Declaration of the Receiver, filed in support of the Receiver's Application for

Default Judgment against Defendants demonstrates that Defendants each received Receivership

1

Assets, which in turn were obtained by Resource Development International, ("RDI") David Edwards, James Edwards or other Receivership Defendants or Receivership Entities through fraudulent means.

3.     The transfer of Receivership Assets to Defendants were made in furtherance of a fraudulent Ponzi Scheme, and were made without the exchange of reasonably equivalent value.

4.     None of the Defendants is an infant or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

5.     The last known address for Defendant Mary Clagg is 5445 E. Heaton Avenue, Fresno, California 93727.

6.     The last known address for Defendants Larry and Jane Doe or Joy Crouse is 8625 West Paradise Drive, Peoria, Arizona 85345.

7.     The last known address for Defendant Norman Danforth is 9961 Sierra Avenue, Fontana, California 90731.

8.     The last known address for Edward Harris is Reg. No. 31832-086, Seagoville Federal Detention Center, P.O. Box 9000, Seagoville, TX 75159.

9.     The last known address for Defendants Wayne and Jane Doe or Dorothy McClaws is 4944 E. Armor Street, Cave Creek, Arizona 85331.

10.     The last known address for Defendants C. Kelly and Jane Doe or Rebecca Olsen is 276 N. El Camino Real, Oceanside, CA 92054-1725.

11.     The last known address for Defendant Sievert is 33626 170th Avenue SE, Auburn, WA 98092.

12.     The Court has personal jurisdiction over Defendants, and subject matter jurisdiction over this action. Venue is proper in this district.

2

On the basis of the foregoing findings of fact and conclusions of law:

## II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Receiver shall have Judgment against each of the Defendants in the following amounts representing the fraudulent transfers each received from RDI or other Receivership Entities:

| | |
|---|---|
| Mary Clagg: | $ 702,511.00 |
| Larry Crouse: | 767,818.00 |
| Norman Danforth: | 51,754.00 |
| Edward Harris | 1,118,791.78 |
| Wayne C. McClaws: | 388,009.00 |
| C. Kelly Olsen: | 1,372,680.29 |
| William Sievert: | 78,422.00 |

All payments made pursuant to this Judgment shall be made to Lawrence Warfield by cashier's check, certified check or postal money order, under cover of a letter that identifies the defendant, the name and case number of this litigation and the name of the Court. The Receiver may pursue such means as are appropriate and necessary at law or equity to collect these funds from Defendants or their agents or assigns, including, but not by way of limitation, obtaining writs of execution or levy for real and personal property or funds, or pursuing collateral actions in this Court against persons holding funds or assets for or on behalf of any of these Defendants.

## III.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Receiver shall have Judgment against Jane Doe Crouse, Jane Doe Olsen and Jane Doe McClaws, to the extent of any community property interest claimed in any Receivership Asset transferred to their respective spouses.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain exclusive jurisdiction of this action for all purposes, including for purposes of entertaining any suitable application or motion by the Receiver for additional relief within the jurisdiction of this Court, including, but not limited to the relief requested by the Receiver in its Complaint in this action.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Final Default Judgment arose out of acts of fraud and securities fraud by Defendants and, as such, this Final Default Judgment may not be discharged in any bankruptcy proceeding.

## VI.

This Final Judgment may be served upon Defendants in person or by mail either by the United States Marshal, the Clerk of the Court, or by the Receiver or his counsel.

## VII.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment pursuant to rules 54, 58 and 79, Fed. Rules Civ. Proc., 28 U.S.C.A.

DATED and SIGNED this 26 day of ____May____, 2004.

Jerry Buchmeyer
UNITED STATES DISTRICT JUDGE

4

**EXHIBIT E**

SECURITIES AND EXCHANGE          §
COMMISSION,                      §
                                 §
    Plaintiff,                §
                                 §
  vs.                            §
                                 §          CIVIL ACTION NO.
RESOURCE DEVELOPMENT             §           3:02-CV-0605-R
INTERNATIONAL, LLC, DAVID EDWARDS, §
JAMES EDWARDS, JADE ASSET        §
MANAGEMENT, LTD., SOUND FINANCIAL §
SERVICES, INC., INTERCOASTAL GROUP, §
LLC, INTERCOASTAL GROUP II, LLC,  §
KEVIN LYNDS, GERALD J. STOCK,    §
BLACKWOLF HOLDINGS, LLC, and     §
WILLIAM WHELAN                   §
                                 §
    Defendants,               §
                                 §
  and                            §
                                 §
PACIFIC INTERNATIONAL LIMITED    §
PARTNERSHIP, INTERNATIONAL       §
EDUCATION RESEARCH CORPORATION,  §
GALAXY ASSET MANAGEMENT, INC.,   §
and DAVID CLUFF, individually and d/b/a/ §
RIVERA TRUST 410                 §
                                 §
    Defendant Solely for      §
    Purposes of Equitable Relief. §

---

## RECEIVER'S NOTICE FOR THE TAKING OF
## A DEPOSITION OF DAVID HARRIS AND DUCES TECUM

TO:    All parties and their counsel:

PLEASE TAKE NOTICE that, pursuant to Rules 30, 34,[1] and Order Re: Petition No. 2,

Kelly M. Crawford, counsel to Lawrence J. Warfield, the Receiver appointed by the court in the

above styled and numbered case, will take the deposition upon oral examination of

**DavidHarris**, at the office of **Moburg & Associates, 1601 Fifth Ave., Suite 860, Seattle,**

---

[1] All references to the "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

**Washington 98101**, beginning at **1:00 p.m.** on **Wednesday, June 21, 2006,** and continuing from day to day until completed.

Pursuant to Rule 34, Mr. Harris is directed to bring with him and produce at the time and place of his deposition, the documents and tangible things described in Exhibit B using the definitions and instructions contained in Exhibit A, which are attached hereto and incorporated herein by reference.

Pursuant to Rule 30(b), the deposition will be taken before a notary public or other officer authorized to administer oaths, who shall stenographically record such testimony.

All parties and their counsel are invited to attend and cross-examine the witness.

Dated April 11, 2006.

Respectfully submitted,

SCHEEF & STONE, L.L.P.

By: _____

Kelly M. Crawford
Texas State Bar No. 05030700
Stephen J. Womack
Texas State Bar No. 24028237
5956 Sherry Lane, Suite 1400
Dallas, Texas 75225
Telephone: 214/706-4200
Facsimile: 214/706-4242

ATTORNEYS FOR RECEIVER
LAWRENCE J. WARFIELD

- 2 -

## CERTIFICATE OF SERVICE

The undersigned certifies that, in accordance with Federal Rules of Civil Procedure, the foregoing pleading is being served on Mr. Harris via personal service, and on May 1, 2006, on the parties or their counsel listed on the attached Master Service List via First Class Mail.

_____
KELLY M. CRAWFORD

# MASTER SERVICE LIST

3:02-CV-0605-R; *SEC v. Resource Development International, LLC, et al.*
U.S. District Court, Northern District of Texas, Dallas Division

| | |
|---|---|
| Lawrence J. Warfield, CPA<br>Warfield & Company<br>14555 N. Scottsdale Road, Suite 340<br>Scottsdale, Arizona 85254<br>Receiver | Patrick Murphy, Esq.<br>Guttilla & Murphy, PC<br>4150 West Northern Avenue<br>Phoenix, Arizona 85051<br>Counsel for Receiver |
| Jeffrey Norris, Esq.<br>Securities & Exchange Commission<br>801 Cherry Street, Suite 1900<br>Fort Worth, Texas 76102<br>Counsel for Plaintiff<br>Securities and Exchange Commission | Kelly M. Crawford, Esq.<br>Scheef & Stone, L.L.P.<br>5956 Sherry Lane, Suite 1400<br>Dallas, Texas 75225<br>Local Counsel for Receiver |
| John M. Frick, Esq.<br>P.O. Box 852873<br>Richardson, Texas 75085 | Edward M. Harris and<br>Jade Asset Management, Ltd.<br>c/o Edward M. Harris<br>IRN: 31832-086<br>FCI Seagoville<br>P.O. Box 9000<br>Seagoville, Texas 75159 |
| David E. Edwards and<br>Resource Development International LLC,<br>Sound Financial Services,<br>Pacific International Limited,<br>International Education Research Corp.,<br>Jade Asset Mgmt, Ltd., Galaxy Asset Mgmt<br>c/o Second Opinion Services<br>P.O. Box 687<br>Rancho Cordova, California 95741-0687 | James E. Edwards<br>c/o Second Opinion Services<br>P.O. Box 687<br>Rancho Cordova, California 95741-0687 |
| Derrick Hahn, Esq.<br>Hahn Law Firm, PC<br>900 Jackson Street #180<br>Dallas, Texas 75202 | Kevin Lynds<br>2036 Peachtree Lane<br>Wichita Falls, Texas 76308 |
| Gerald Stock and<br>Intercoastal Group, LLC,<br>Intercoastal Group II, J.LC, and<br>Blackwolf Holdings, LLC<br>c/o Gerald Stock<br>1010 Dewey Street<br>Manitowoc, Wisconsin 54220 | |

## DEFINITIONS

1.     As used herein, the term "you," "your" or the "Witness" means David Harris, any past and present officers, directors, employees, agents, and representatives who acted or purported to act on the behalf of David Harris, and any corporation, partnership, trust or other legal entity over which David Harris exercises control or under which David Harris claims a beneficial interest. This does not include attorneys acting within a recognized attorney-client privilege.

2.     As used herein, the term "Ed Harris" means Edward M. Harris, any past and present officers, directors, employees, agents, and representatives who acted or purported to act on the behalf of Edward M. Harris, and any corporation, partnership, trust or other legal entity over which Edward M. Harris exercises control or under which Edward M. Harris claims a beneficial interest, including but not limited to Deus Holdings, Inc., DRE Enterprises, Ltd., Harris Investment Services Ltd., Nitrom Enterprises, P.J. Enterprises, and Stem Enterprises. This does not include attorneys acting within a recognized attorney-client privilege.

3.     As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, account entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, stored on disk, stored on hard drive, stored at a  server, stored on a world wide web site, punched, taped, filmed, or

graphic matter, however produced or reproduced, which is in your possession, custody, or over which you have control.

4. As used herein, the term "electronic data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5. As used herein, the term "relating to" means proving, indicating or probative of the existence or nature of, embodying, pertaining to, concerning, constituting, comprising,

reflecting, discussing, evidencing, referring to, consisting of or having any logical or factual connection whatsoever with the subject matter in question.

6. As used herein, the term "communications" means any document, oral statement, meeting or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any manner transmitted or transferred.

7. As used herein, the term "copy" or means the original and any facsimiles, reproduction, Xeroxes, photostats or other reproductions of any document whether identical or non-identical.

8. As used herein, the term "or" is inclusive, referring to any one or more of the disjoined words or phrases and "any" and "all" also include "each and every."

9. As used herein, the term "RDI Lawsuit" or "this lawsuit" means Cause No. 3:02-CV-0605-R; *SEC v. Resource Development International, LLC, David Edwards, James Edwards, Jade Asset Management, Ltd., Sound Financial Services, Inc., Intercoastal Group, LLC, Intercoastal Group II, LLC, Kevin Lynds, Gerald J. Stock, Blackwolf Holdings, LLC, and William Whelan, as Defendants, and Pacific International Limited Partnership, International Education Research Corporation, Galaxy Asset Management, Inc., and David Cluff, individually and d/b/a Rivera Trust 410, as Defendants Solely for Purposes of Equitable Relief*; United States District Court, Northern District of Texas, Dallas Division.

10. As used herein, the term "Receivership Entity" includes Resource Development International, LLC ("RDI"), David Edwards, James Edwards, Jade Asset Management, Ltd., Sound Financial Services, Inc., Intercoastal Group, LLC, Intercoastal Group II, LLC, Kevin Lynds, Gerald J. Stock, Blackwolf Holdings, LLC, William Whelan, Pacific International

- 7 -

Limited Partnership, International Education Research Corporation, and Galaxy Asset Management, Inc.

11. As used herein, the term "RDI Investor" means any person who invested in any Receivership Entity.

12. As used herein, the term "Receivership Assets" means any assets, monies, securities, choses in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of any Receivership Entity.

13. As used herein, the term "Broker Lawsuit" means Cause No. 3:02-CV-1371-R; *Lawrence J. Warfield, as the Receiver for Resource Development International, et al. v. Bob Byron, et al.*; United States District Court, Northern District of Texas, Dallas Division.

14. As used herein, the term "Broker Defendant" of "Broker Defendants" means those named in the Broker Lawsuit, specifically Steve Bastrom, Bob Byron, Kathleen Byron, Mary Clagg, Larry Crouse, Joy Crouse, Norman Danforth, Earl Dangelmaier, individually and d/b/a Zythum, Inc., Kirk V. Edwards, Larry Edwards, Robert Edwards, Sheri Edwards, Tiffany Farrell, individually and d/b/a TGIF Enterprises, Lee R. Flagg, Mercedes Garcia, Victor Garza, Virgina Garza, Diane Grollemond, Edward Harris, individually, and d/b/a Harris Investment Service, Ltd., Susan Harris, and d/b/a Harris Investment Service, Ltd., Roger Hetchler, Mark Horvill, Larry Johnson, Roman Kendzior, Connie Korth, Lindy S. Kortus, Richard Labadie, Charles Littlewood, Michael Maio, Wayne McLaws, Dorothy McLaws, Sharyn Meendcrinck, Chau Nguyen, George Noland, C. Kelly Olsen, Edward Otto, individually and d/b/a IGR Communications, Co., Gary Rue, individually and d/b/a For Him Enterprises, William Sievert, Thomas Simenson, William J. Slaney, Jim R. Smith, Ron Smith, Ted Stephens, Kathy Thaut, Michael Thompson, Beverly Verrone, the Estate of Richard White, and William Wood.

**EXHIBIT B**

DOCUMENTS TO BE PRODUCED

1.    All documents, electronic data, or communications relating to or representing any agreement, in whole or in part, between you and Ed Harris, any Receivership Entity, Broker Defendant, or the Bank of Nevis.

2.    All documents, electronic data, or communications relating to any investments made by you with Ed Harris, any Receivership Entity or Broker Defendant.

3.    All checks, front and back, money orders, front and back, wire transfers, or other payments you received or another received on your behalf, whether directly or indirectly, from Ed Harris, any Receivership Entity, Broker Defendant, or the Bank of Nevis since January 1, 1999.

4.    All documents, electronic data, or communications which support the contention that you are entitled to any payments or assets received by you from Ed Harris, any Receivership Entity, Broker Defendant, or the Bank of Nevis since January 1, 1999, if you so contend.

5.    If you contend that you are a business enterprise with an independent legal identity, separate from any individual person, please produce all documents, electronic data, or communications relating to the legitimacy of your corporate existence, including but not limited to, your Partnership Agreement, Articles of Incorporation, Bylaws, relevant filings with the Secretary of State, and Minutes or Resolutions from meetings of your Board of Directors or Managing Partners, recorded between July 1997 and the present.

6.    All documents, electronic data, or communications relating to your disposition of any and all monies you received or another received on your behalf, whether directly or indirectly, from Ed Harris, any Receivership Entity, Broker Defendant, or the Bank of Nevis since January 1, 1999.

7.      If you contend that you do not have assets sufficient to turnover to the Receiver Lawrence Warfield, all documents, electronic data, or communications relating to any credit application (e.g. application for credit card, auto loan or lease, home equity loan or mortgage) which you have prepared or which has been prepared on your behalf since January 1, 2004.

8.      All federal income tax returns filed by you or on your behalf (including personal, trust or business) for 2004 and 2005.

9.      All pleadings, orders, and judgments from any lawsuit in which you have been a party in the last five years.

10.     If you have engaged an attorney to represent you in this matter, a copy of any engagement agreement between you and your attorney(s) of record.